# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GEORGE AVALOS,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>BALJIT SINGH SIDHU, NAVJEET SINGH CAHAL, and KAMALJIT BRAR,<br><br>　　　　　Defendants. | Case No. 1:20-cv-01602-NONE-SKO<br><br>**FINDINGS AND RECOMMENDATION THAT PLAINTIFF'S MOTION FOR DEFAULT JUDGMENT AGAINST DEFENDANT KAMLJIT BRAR BE GRANTED IN PART**<br><br>(Doc. 21)<br><br>**OBJECTIONS DUE: 21 DAYS** |

## I.　　INTRODUCTION

On February 17, 2021, Plaintiff George Avalos ("Plaintiff") filed a motion for default judgment against Defendant Kamaljit Brar.[1] (Doc. 21.) No opposition to Plaintiff's motion was filed. The Court reviewed the motion and supporting documentation and found the matter suitable for decision without oral argument pursuant to Local Rule 230(g). The hearing set for March 24, 2021, was therefore vacated. (Doc. 22.) This proceeding was referred to the undersigned by Local Rule 302 pursuant to 28 U.S.C. § 636(b)(1)(B).

For the reasons set forth below, the undersigned RECOMMENDS that Plaintiff's motion for default judgment be GRANTED IN PART in the amount of $5,763.00.

---

[1] Plaintiff voluntarily dismissed Defendants Baljit Singh Sidhu and Navjeet Singh Cahal from the case on February 16, 2021. (Doc. 19.)

## II. FACTUAL BACKGROUND

On November 13, 2020, Plaintiff filed a complaint against the named defendants pursuant to the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12181 *et seq.*, and the California Unruh Act, California Civil Code § 51 *et seq.* (Doc. 1 (the "Complaint").) The Complaint seeks an award of statutory and deterrence damages, costs of suit, attorney's fees, litigation expenses, and injunctive relief. (*Id.* at ¶¶ 1–4 (under "Prayer").) Plaintiff alleges that he requires the use of a wheelchair at times for mobility and that he is the holder of a Disabled Person Parking Placard. (*Id.* at ¶ 1.) The business that is the subject of this suit, EZ Mart Food & Gas (the "Business"), lacks designated parking spaces for persons with disabilities and has a curb ramp, in excess of the maximum grade allowed by ADA Accessibility Guidelines ("ADAAG"), that projects into the sidewalk and into the access aisle. (*Id.* at ¶¶ 12–14.) Plaintiff alleges that these architectural barriers interfered with his ability to avail himself of the goods, services, and accommodations offered at the Business. (*Id.* at ¶ 22). The Business is located at 2929 N. Blackstone Avenue in Fresno, California, which is a property (the "Property") owned by Defendant Brar, individually and as a trustee under the Kamaljit Brar Living Trust, December 17, 2015. (*Id.* at ¶ 2.)

Defendant Brar was served with summons and the Complaint on November 19, 2020. (Doc. 7.) He did not respond to the Complaint. Plaintiff requested the Clerk of Court to enter default against Defendant Brar on December 15, 2020, which was entered that same day.[2] (Docs. 8, 9.) On February 17, 2021, Plaintiff filed a motion for default judgment against Defendant Brar, which is currently pending before the Court.[3] (Doc. 21.)

## III. DISCUSSION

### A. Legal Standard

Federal Rule of Civil Procedure 55(b) permits a court-ordered default judgment following the entry of default by the clerk of the court under Rule 55(a). It is within the sole discretion of the court as to whether default judgment should be entered. *See Aldabe v. Aldabe*, 616 F.2d 1089, 1092

---

[2] On February 12, 2021, Plaintiff filed a notice of settlement (Doc. 11), and on February 8, 2021, Plaintiff withdrew the notice (Doc. 13), which was then stricken from the docket (Doc. 14). On February 10, 2021, Plaintiff again requested that the Clerk of Court enter default against Defendant Brar, which was entered that same day. (Docs. 16, 17.)

[3] This motion is referred to the undersigned by Local Rule 302(c)(19) for the entry of findings and recommendations. *See* 28 U.S.C. § 636(b)(1)(B).

(9th Cir. 1980). A defendant's default by itself does not entitle a plaintiff to a court-ordered judgment. *See id.* Instead, the Ninth Circuit has determined a court should consider seven discretionary factors, often referred to as the "*Eitel* factors," before rendering a decision on default judgment. *See Eitel v. McCool*, 782 F.2d 1470, 1471–72 (9th Cir. 1986). The *Eitel* factors include (1) the possibility of prejudice to the plaintiff; (2) the merits of the plaintiff's substantive claim; (3) the sufficiency of the complaint; (4) the sum of money at stake in the action; (5) the possibility of a dispute concerning material facts; (6) whether the default was due to excusable neglect; and (7) the strong policy underlying the Federal Rules of Civil Procedure favoring decisions on the merits. *Id.*

A plaintiff is required to prove all damages sought in the complaint. *See Televideo Sys., Inc. v. Heidenthal*, 826 F.2d 915, 917–18 (9th Cir. 1992). In addition, any relief sought may not be different in kind from, or exceed in amount, what is demanded in the complaint. Fed. R. Civ. P. 54(c). If the facts necessary to determine the damages are not contained in the complaint, or are legally insufficient, they will not be established by default. *See Cripps v. Life Ins. Co. of N. Am.*, 980 F.2d 1261, 1267 (9th Cir. 1992). Once the court clerk enters a default, the well-pleaded factual allegations of the complaint are taken as true, except for those allegations relating to damages. *See Televideo Sys., Inc.*, 826 F.2d at 917.

"In addition, before awarding a default judgment against a defendant, the court must determine the adequacy of service of process, as well as the court's jurisdiction over the subject matter and the parties." *Sentinel v. Komar*, No. 119CV00708DADEPG, 2021 WL 1346025, at *6 (E.D. Cal. Apr. 12, 2021) (citing *In re Tuli*, 172 F.3d 707, 712 (9th Cir. 1999); *Kaldawi v. Kuwait*, 709 F. App'x 452, 453 (9th Cir. 2017); *S.E.C. v. Internet Sols. for Bus. Inc.*, 509 F.3d 1161, 1165 (9th Cir. 2007)).

**B.     Analysis**

    **1.     Defendant Brar Was Properly Served**

Under Federal Rule of Civil Procedure 4(e)(2)(A), a plaintiff may serve an individual in a judicial district of the United States by "delivering a copy of the summons and of the complaint to the individual personally[.]" On November 24, 2020, Plaintiff filed an executed summons for Defendant Brar. (Doc. 7.) The filing indicated that Defendant Brar was served personally at an

address in Roseville, California. (*Id.*) Thus, Plaintiff properly served Defendant Brar under Rule 4(e)(2)(A).

### 2. The Court Has Jurisdiction Over This Case

District courts have subject matter jurisdiction of all civil actions arising under the laws of the United States. 28 U.S.C. § 1331. In any civil action where the district courts have subject matter jurisdiction, the courts will also have supplemental jurisdiction over all other claims that are "so related to claims in the action," such that "they form part of the same case or controversy." 28 U.S.C. § 1367. Here, subject matter jurisdiction exists over Plaintiff's ADA claim because it arises under a federal law. The Court has supplemental jurisdiction over Plaintiff's state law claim under the California Unruh Act as it arises out of the same "case or controversy" as the ADA claim, namely Plaintiff's visit to the Business and Property where he encountered alleged violations of both laws. *See* 28 U.S.C. § 1367(a).

The Court also has personal jurisdiction over Defendant Brar because he has "certain minimum contacts" with California such that "the suit does not offend 'traditional notions of fair play and substantial justice.' " *Calder v. Jones*, 465 U.S. 783, 788 (1984) (citation omitted). Specifically, Brar owns the Property at 2929 N. Blackstone Avenue in Fresno, California, on which the Business is located. (Doc. 1 at ¶ 2.)

Therefore, the Court has jurisdiction over this matter.

### 3. The *Eitel* Factors Weigh in Favor of Granting a Default Judgment

#### a. Possibility of Prejudice to Plaintiff

If default judgment is not entered, Plaintiff will effectively be denied a remedy until Defendant Brar participates and makes an appearance in the litigation—which may never occur. Denying Plaintiff a means of recourse is, by itself, sufficient to meet the burden imposed by this factor. *See Philip Morris USA, Inc. v. Castworld Prods., Inc.*, 219 F.R.D. 494, 499 (C.D. Cal. 2003) ("prejudice" exists where the plaintiff has no "recourse for recovery" other than default judgment). Therefore, Plaintiff would be prejudiced if the Court were to deny its motion. This factor weighs in favor of default judgment.

///

### b. Merits of Plaintiff's Substantive Claims and the Sufficiency of the Complaint

The next relevant *Eitel* factors include an evaluation of the merits of the substantive claims pled in the complaint as well as the general sufficiency of the complaint. In weighing these factors, courts evaluate whether the complaint is sufficient to state a claim that supports the relief sought. *See Danning v. Lavine*, 572 F.2d 1386, 1388 (9th Cir. 1978); *see also DIRECTV, Inc. v. Hoa Huynh*, 503 F.3d 847, 854 (9th Cir. 2007) ("[A] defendant is not held to admit facts that are not well-pleaded or to admit conclusions of law.") (citation and internal quotation marks omitted).

Title III of the ADA provides that "[n]o individual shall be discriminated against on the basis of disability" in places of public accommodation. 42 U.S.C. § 12182(a). "Discrimination" is defined as a failure to remove "barriers . . . where such removal is readily achievable." 42 U.S.C. § 12182(b)(2)(A)(iv); *see also Chapman v. Pier 1 Imports (U.S.) Inc.*, 631 F.3d 939, 945 (9th Cir. 2011) (en banc). Where a barrier's removal is not "readily achievable," a public accommodation must make its facilities available through "alternative methods if such methods are readily achievable." 42 U.S.C. § 12182(b)(2)(A)(v).

"To prevail on a Title III discrimination claim, the plaintiff must show that (1) [he or] she is disabled within the meaning of the ADA; (2) the defendant is a private entity that owns, leases, or operates a place of public accommodation; and (3) the plaintiff was denied public accommodations by the defendant because of [his or] her disability." *Molski v. M.J. Cable, Inc.*, 481 F.3d 724, 730 (9th Cir. 2007). Further, "[t]o succeed on an ADA claim of discrimination on account of one's disability due to an *architectural barrier*, the plaintiff must also prove that: (1) the existing facility at the defendant's place of business presents an architectural barrier prohibited under the ADA, and (2) the removal of the barrier is readily achievable." *Parr v. L & L Drive-Inn Rest.*, 96 F. Supp. 2d 1065, 1085 (D. Haw. 2000) (emphasis in original).

According to the Complaint, Plaintiff is "substantially limited in performing one or more major life activities, including but not limited to: walking, standing, ambulating, and sitting," and he "relies upon mobility devices, including at times a wheelchair, to ambulate." (Doc. 1 at ¶ 1.) Thus, Plaintiff claims that he is "physically disabled" as defined by the applicable California and federal laws. (*See id.* at ¶¶ 1, 30, 36.) As a convenience store open to the public, the Business is a

place of public accommodation as defined by 42 U.S.C. § 12181(7). (*Id*. at ¶ 6.) Plaintiff alleges that Defendant Brar owns the Property on which the Business is located and is thus "responsible for the violations of the ADA that exist in the parking area and accessible routes that connect to the facility's entrance that serve customers to the Business."[4] (*Id.* at ¶¶ 3, 15.)

Plaintiff visited the Business on or about August 31, 2020, and he alleges that Defendant Brar failed to provide barrier-free access to the Business in the following ways: (1) there were no designated parking spaces available for persons with disabilities as required by the ADAAG; and (2) there was a "built up curb ramp that projects from the sidewalk into the access aisle," and the curb ramp was in excess of the maximum grade allowed by ADAAG specifications. (Doc. 1 at ¶¶ 12, 13.)

Plaintiff alleges that the removal of these architectural barriers is readily achievable, or, alternatively, there are numerous accommodations that can be made to provide a greater level of access if complete removal were not achievable. (Doc. 1 at ¶ 27.) As these facts are taken as true regarding Defendant Brar following entry of default against him, *see Televideo Sys., Inc.*, 826 F.2d at 917, Plaintiff has met his burden of stating a *prima facie* Title III discrimination claim.

Pursuant to the Unruh Act, all persons are "entitled to the full and equal accommodations, advantages, facilities, privileges, or services in all business establishments of every kind whatsoever." Cal Civ. Code § 51(b). Additionally, no business establishment of any kind whatsoever shall discriminate against any person in California on account of disability. Cal. Civ. Code § 51.5. The Unruh Act also incorporates an individual's rights under the ADA by reference, such that a violation of the ADA also constitutes a violation of the Unruh Act. Cal. Civ. Code § 51(f). Here, Plaintiff alleges that Defendant Brar failed to ensure "that there was compliant accessible parking reserved for persons with disabilities" and the presence of the aforementioned barriers on the Property denied him full and equal access to a public place of accommodation based

---

[4] 42 U.S.C. § 12182(a) provides, "No individual shall be discriminated against on the basis of disability in the full and equal enjoyment of the goods, services, facilities, privileges, advantages, or accommodations of any place of public accommodation by any person who owns, leases (or leases to), or operates a place of public accommodation. *See also Kong v. Khouraki*, No. SACV1801832AGJDEX, 2019 WL 3220022, at *3 (C.D. Cal. Apr. 29, 2019) ("Under the ADA, property owners, operators, lessors, and lessees may all be responsible for ensuring ADA compliance.").

on his disability. (Doc. 1 at ¶¶ 15, 17–20, 24.) Because Plaintiff's Complaint properly alleges a *prima facie* claim under the ADA, Plaintiff has also properly alleged facts establishing the necessary elements for an Unruh Act claim.

Based on the foregoing, the Complaint sufficiently states Plaintiff's claims under Title III of the ADA and the Unruh Act, and there appears to be merit to the substantive allegations. As such, these *Eitel* factors weigh in favor of default judgment.

### c. The Sum of Money at Stake in the Action

The fourth *Eitel* factor, the sum of money at stake, weighs in favor of granting default judgment. Default judgment is disfavored when a large amount of money is involved or is unreasonable considering the defendant's actions. *See Truong Giang Corp. v. Twinstar Tea Corp.*, No. C 06–03594–JSW, 2007 WL 1545173 at *12 (N.D. Cal. May 29, 2007). Here, Plaintiff is seeking a default judgment in the amount of $8,269.00, which includes attorney's fees and costs.[5] (Doc. 21-1 at 12.) This is not a relatively large sum of money, nor does it appear unreasonable, subject to the deductions set forth below.

### d. The Possibility of a Dispute Concerning the Material Facts

Regarding this factor, no genuine issues of material fact are likely to exist because the allegations in the complaint are taken as true, *see Televideo Sys.*, 826 F.2d at 917–18, and Defendant Brar has submitted nothing to contradict the well-pleaded allegations in the Complaint. *See United Specialty Insurance Co. v. Saleh*, No. 1:16–cv–00632–DAD–MJS, 2016 WL 4434479, at *2 (E.D. Cal. Aug. 22, 2016) ("Inasmuch as default serves as an admission of Plaintiff's well-pled allegations of fact, it must be concluded that there is no dispute as to any material fact.") (internal citation omitted). Accordingly, this factor favors entry of default judgment.

### e. Whether Default Was Due to Excusable Neglect

Defendant Brar failed to file a responsive pleading or oppose Plaintiff's motion for default judgment. The Court has no evidence before it establishing that Defendant Brar's failure to participate in the litigation is due to excusable neglect. Thus, this factor weighs in favor of granting

---

[5] Plaintiff requests statutory damages in the amount of $4,000.00 and attorney's fees and costs in the amount of $4,269.00, for a total of $8,269.00. (*See* Doc. 21 at 1; Doc. 21-1 at 2; Doc. 21-8.)

7

default judgment.

### f. Policy Favoring Decision on the Merits

This factor inherently weighs strongly against awarding default judgment in every case. In the aggregate, however, this factor is outweighed in consideration of the other applicable factors that weigh in favor of granting default judgment.

### 4. Terms of the Judgment and Proof of Damages

While analysis of the *Eitel* factors supports a default judgment, the Court also considers the proof of the damages and the terms of the judgment sought by Plaintiff.

### a. Injunctive Relief

Plaintiff's Complaint and motion for default judgment seek an injunction requiring Defendant Brar to make several changes and accommodations at the Property. (Doc. 1 at ¶ 1 (under "Prayer"); Doc. 21-1 at 13–14.) As the factual allegations in the Complaint are taken as true, Plaintiff is entitled to injunctive relief as requested pursuant to both state and federal law. *See Wander v. Kaus*, 304 F.3d 856, 858 (9th Cir. 2002) ("Damages are not recoverable under Title III of the ADA—only injunctive relief is available for violations of Title III.").

### b. Statutory Damages

The Unruh Civil Rights Act provides for, among other things, minimum statutory damages amount of $4,000 per violation. Cal. Civ. Code § 52(a); *Grove v. De La Cruz*, 407 F. Supp. 2d 1126, 1133 (C.D. Cal. 2005) (the Unruh Act "provides for statutory damages up to a maximum of three times the actual damages but no less than $4,000 for each instance of discrimination"). A violation of the ADA constitutes a violation of the Unruh Act. Cal. Civ. Code § 51(f). As such, Plaintiff asserts that he is entitled to $4,000 in statutory damages pursuant to the Unruh Act. (Doc. 1 at ¶ 2 (under "Prayer").)

Plaintiff has sufficiently alleged facts indicating that he visited the Business on or about August 31, 2020, and encountered barriers on the Property that interfered with his ability to avail himself of the goods and services offered at the Business and to enjoy accessible conditions at a place of public accommodation. (Doc. 1 at ¶¶ 11–13, 19, 22.) Thus, Plaintiff is entitled to an award of $4,000 in statutory damages.

**c.     Attorney's Fees and Costs of Litigation**

Pursuant to 42 U.S.C. § 12205, a party that prevails on claims brought under the ADA may recover reasonable attorney's fees and costs, in the court's discretion. The Unruh Act also provides for attorney's fees and costs. Cal. Civ. Code § 52(a).

Attorney's fee awards are calculated using the lodestar method whereby the hours reasonably spent in the litigation are multiplied by a reasonable hourly rate. *Gonzalez v. City of Maywood*, 729 F.3d 1196, 1202 (9th Cir. 2013); *see also Camacho v. Bridgeport Fin., Inc.*, 523 F.3d 973, 978 (9th Cir. 2008); *Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983). The Ninth Circuit has explained the lodestar approach as follows:

> The lodestar/multiplier approach has two parts. First a court determines the "lodestar" amount by multiplying the number of hours reasonably expended on the litigation by a reasonable hourly rate. [*See D'Emanuele v. Montgomery Ward & Co., Inc.*, 904 F.2d 1379, 1383 (9th Cir. 1990); *Hensley v. Eckerhart*, 461 U.S. 424,] 461 (1983)]. The party seeking an award of fees must submit evidence supporting the hours worked and the rates claimed. *See Hensley*, 461 U.S. at 433.
>
> A district court should exclude from the lodestar amount hours that are not reasonably expended because they are "excessive, redundant, or otherwise unnecessary." *Id.* at 434. Second, a court may adjust the lodestar upward or downward using a "multiplier" based on factors not subsumed in the initial calculation of the lodestar. [Footnote omitted] *See Blum v. Stenson*, 465 U.S. 886, 898–901 (1984) (reversing upward multiplier based on factors subsumed in the lodestar determination); *Hensley*, 461 U.S. at 434 n.9 (noting that courts may look at "results obtained" and other factors but should consider that many of these factors are subsumed in the lodestar calculation). The lodestar amount is presumptively the reasonable fee amount, and thus a multiplier may be used to adjust the lodestar amount upward or downward only in "'rare' and 'exceptional' cases, supported by both 'specific evidence' on the record and detailed findings by the lower courts" that the lodestar amount is unreasonably low or unreasonably high. *See Pennsylvania v. Delaware Valley Citizens' Council for Clean Air*, 478 U.S. 546, 565 (1986) (quoting *Blum*, 465 U.S. at 898-901); *Blum*, 465 U.S. at 897; *D'Emanuele*, 904 F.2d at 1384, 1386; *Cunningham v. County of Los Angeles*, 879 F.2d 481, 487 (9th Cir. 1989).

*Van Gerwin v. Guarantee Mut. Life Co.*, 214 F.3d 1041,1045 (9th Cir. 2000).

Plaintiff seeks an award of $3,731.00 for total billable time spent on the case by Manning Law, APC, as well as $538.00 for costs and litigation expenses. (Doc. 21-3 at 4; Doc. 21-7.) Specifically, Plaintiff requests fees for 3.25 hours of work expended by Joseph R. Manning, Esq. at an hourly rate of $450 and for 6.05 hours spent by an associate attorney at an hourly rate of $375.[6]

---

[6] The actual amount of fees based on the requested hours and rates is $3,371.25 (3.25 x 450 + 6.05 x 375), but Plaintiff requests only $3,731.00. (*See* Doc. 21-3 at 4.)

9

(Doc. 21-3 at 4.)

### i. Requested Hourly Rates

Plaintiff requests an hourly rate of $450 for Mr. Manning and $375 for an unnamed associate attorney. (*See* Doc. 21-3.) Courts generally calculate the hourly rate to be charged according to the prevailing market rates in the relevant legal community. *Blum v. Stenson*, 465 U.S. 886, 895 (1984). In general, courts use the rates of attorneys practicing in the forum district, which, in this case, is the Eastern District of California, Fresno Division. *Gates v. Deukmejian*, 987 F.2d 1392, 1405 (9th Cir. 1993); *Davis v. Mason Cnty.*, 927 F.2d 1473, 1488 (9th Cir. 1991). The fee applicant bears the burden of producing sufficient evidence that the requested rates are commensurate "with those prevailing in the community for similar services by lawyers of reasonably comparable skill, experience, and reputation." *Blum*, 465 U.S. at 895 n.11.

The declaration submitted by Mr. Manning states, "I have been in practice since 2002. My billing rate for ADA related work is $450.00, which is a fair rate for attorneys with similar experience and expertise in this nuanced area of law. My associate attorney's hourly rate of $375 is based on average attorneys' fees charged in the general geographic area with similar experience." (Doc. 21-3 at 4.) The undersigned finds the requested rates to be unreasonable for two reasons. First, the cursory statement in Mr. Manning's declaration provides minimal explanation for why the requested rates are justified in this case. Indeed, in support of a motion for default judgment in another case, Mr. Manning submitted an identical statement, and the district court found the requested rates to be unreasonable in light of the scant evidence provided:

> [Mr.] Manning fails to present any evidence of his qualifications, experience with ADA-related work, or any information on the rates approved by other courts in this district for similar work. His declaration makes only the above conclusory statement that "he has been in practice since 2002" and his rate is "fair" for "attorneys with similar experience and expertise." [Citation.] This comment, absent more, is insufficient to support the $450 hourly rate requested. [Citation.] Further, in support of his requested rate, Manning highlights that this rate is reasonable given his "expertise in this nuanced area of law." [Citation.] "But, 'such cases are ubiquitous[,] rarely have even mildly complicated issues to address,' and typically involve boilerplate filings." *Rutherford v. Lucatero*, No. 8:19–cv–1609–JLS–JDE, 2020 WL 2132995, at *8 (C.D. Cal. Feb. 24, 2020) (internal citation omitted). Given that this Action and the associated filings appear to be nearly identical to the hundreds of other cases filed by Manning on behalf of Plaintiff, among others, in this district, "the Court is skeptical that an ordinary ADA case on *default judgment* justifies work at an hourly rate of $450." *Id.* (emphasis in original).

10

> Additionally, [Mr.] Manning failed to provide the Court with even the name of his generically titled "Associate Attorney," let alone any qualifications or discussion of prior experience. Based on the lack of information supporting the requested hourly rate, the Court is unable to conclude that this "Associate Attorney" rate is reasonable.

*Perri v. CA 199 Arcadia Owner LLC*, No. CV 20–05849–RSWL–KSX, 2020 WL 6939839, at *8 (C.D. Cal. Nov. 24, 2020). Here, as in *Perri*, Mr. Manning's conclusory statement is insufficient to establish that the requested hourly rates of $450 for himself and $375 for his unnamed associate are reasonable.

Second, "[i]n the Fresno Division of the Eastern District of California, attorneys with twenty or more years of experience are awarded $350.00 to $400.00 per hour." *TBK Bank, SSB v. Singh*, No. 117CV00868LJOBAM, 2018 WL 1064357, at *7 (E.D. Cal. Feb. 23, 2018) (collecting cases), *report and recommendation adopted*, No. 117CV00868LJOBAM, 2018 WL 3055890 (E.D. Cal. Mar. 21, 2018). For attorneys with "less than ten years of experience, . . . the accepted range is between $175 and $300 per hour." *Silvester v. Harris*, No. 1:11–CV–2137 AWI SAB, 2014 WL 7239371 at *4 (E.D. Cal. Dec. 17, 2014) (citing *Willis v. City of Fresno*, No. 1:09–CV–01766–BAM, 2014 WL 3563310 (E.D. Cal. July 17, 2014); *Gordillo v. Ford Motor Co.*, No. 1:11–cv–01786 MJS, 2014 WL 2801243 (E.D. Cal. June 19, 2014)). Here, Mr. Manning's requested hourly rate of $450 is in excess of the prevailing market rates in the Fresno Division, especially since Mr. Manning possesses fewer than 20 years of experience. With regard to Mr. Manning's associate attorney, the undersigned cannot find an hourly rate of $375 to be reasonable since the Court is devoid of any information about the attorney's experience or qualifications.

Given the lack of adequate supporting information for the requested rates, the undersigned recommends an hourly rate of $350 for Mr. Manning and $175—a reasonable rate for a starting attorney—for his associate attorney. *See Perri*, 2020 WL 6939839, at *8 (reducing rate for Mr. Manning's associate attorney from $375 to $175).

### ii. Requested Time Expended

Plaintiff requests 3.25 hours for Mr. Manning and 6.05 hours for the associate attorney. (*See* Doc. 21-3.) Turning first to Mr. Manning, the undersigned finds that the number of hours Mr. Manning billed in this case is not reasonable given the nature of this case and his experience as a practitioner. On October 5, 2020, Mr. Manning recorded 1.0 hour to "edit/draft complaint for

11

filing." (*See* Doc. 21-7.) Based upon the undersigned's familiarity with the actions filed by Mr. Manning in this court, the undersigned is aware that this is basically a form complaint. The Complaint filed in this action is nearly identical to complaints filed by Mr. Manning in dozens of other actions in this Court, with only the names of the parties and a few allegations changed to reflect the facts specific to this case. The undersigned finds that 0.4 hours of Mr. Manning's time is sufficient to draft and edit the Complaint. *See Perri*, 2020 WL 6939839, at *9 (reducing 1.0 hour billed by Mr. Manning to "edit/draft complaint for filing" to 0.4 hours). The undersigned will therefore deduct 0.6 hours from Mr. Manning's time entry on October 5, 2020.

With respect to the number of hours expended by the associate attorney, the undersigned finds that the amounts indicated for certain tasks are unreasonable or non-compensable and should thus be reduced. On September 8, 2020, the associate attorney recorded 1.35 hours to conduct research of public records to determine the identities of the owners of the Business and Property. (Doc. 21-7.) But "[a] basic public records search to identify the owner of the Property is not the type of legal work that should be billed by an attorney at $425 per hour." *Love v. Garcia*, No. 5:15–CV–02004–CAS–SPX, 2017 WL 2927429, at *4 (C.D. Cal. July 7, 2017); *Perri*, 2020 WL 6939839, at *9 (disallowing time billed by Mr. Manning's associate attorney for conducting a public records search to determine the identities of business and property owners). On November 12, 2020, the associate attorney recorded 0.5 hours to "review[] and execute[] the front matter (civil case coversheet, summons, etc.)" (*see* Doc. 21-7), but these are purely clerical tasks and thus not recoverable. *See Brandt v. Astrue*, CIV. 08–0657TC, 2009 WL 1727472, at *3 (D. Or. June 16, 2009) (preparing summons and civil cover sheet is clerical); *Nadarajah v. Holder*, 569 F.3d 906, 921 (9th Cir. 2009) ("When clerical tasks are billed at hourly rates, the court should reduce the hours requested to account for the billing errors."). This time will therefore be disallowed.

On December 2, 2020, the associate attorney recorded 0.4 hours (24 minutes) reviewing the "court-issued summons, Notice of Assignment, [and] Standing Order." (Doc. 21-7.) Twenty-four minutes for reviewing these standard court-issued documents is excessive—0.2 hours (12 minutes) is sufficient. *See Hensley*, 461 U.S. at 433–34. On February 10, 2021, the associate attorney recorded 0.7 hours (42 minutes) to review and execute the request for entry of default and to "review

file generally to confirm service proper and effected as to proper defendant." (Doc. 21-7.) The request for entry of default and supporting declaration total only two pages, excluding the captions and single-page certificate of service, and are nearly identical to documents Mr. Manning's firm has filed in other cases, except for the party names and ECF document numbers. The preparation and finalization of these short, form-like documents should not take more than thirty minutes (0.5 hours) total. Accordingly, the associate attorney's time will be reduced by 0.2 hours.

On February 15 and 16, 2021, the associate attorney recorded a total of 3.1 hours in connection with the motion for entry of default judgment, including drafting and executing a declaration on behalf of Plaintiff in support of the motion, preparing the motion, and finalizing the motion and supporting documents. (Doc. 21-7.) The motion for default judgment filed in this case is nearly identical to motions for default judgment filed by Mr. Manning's firm in other actions before this Court. Accordingly, the undersigned finds that 1.0 hour of the associate attorney's time is sufficient to prepare the motion and supporting documents. *See Perri*, 2020 WL 6939839, at *9 (awarding 0.9 hours to prepare the application for default judgment and supporting declaration).

Based on the foregoing, the undersigned recommends that Plaintiff be awarded 2.65 hours of time expended by Mr. Manning at an hourly rate of $350 and 1.7 hours of time expended by the associate attorney at an hourly rate of $175, for a total of $1,225.00.

### iii. Litigation Expenses and Costs

Plaintiff seeks to recover expenses and costs in the amount of $538.00. (Doc. 21-3 at 4; Doc. 21-7.) Under the ADA, a district court, in its discretion, can allow the prevailing party other than the United States to recover a reasonable attorney's fee, including litigation expenses and costs. 42 U.S.C. § 12205. The costs here include expenses for the court filing fee and the costs of service, which are compensable pursuant to 42 U.S.C. § 12205. Plaintiff's overall litigation expenses and costs are compensable and should be awarded. Accordingly, it is recommended that Plaintiff be awarded the sum of $538.00 for litigation expenses and costs.

### d. Conclusion

For the reasons set forth above, the undersigned recommends that Plaintiff be awarded the following fees:

| Professional | Hourly Rate | Hours | Total |
|---|---:|---:|---:|
| Mr. Joseph Manning | $350 | 2.65 | $927.50 |
| Associate Attorney | $175 | 1.7 | $297.50 |
| | | **Total Fees** | $1,225.00 |

Additionally, Plaintiff should be awarded $538.00 for the costs of suit and $4,000 in statutory damages. Thus, the total award of damages, fees, and costs recommended is $5,763.00.

## IV.   RECOMMENDATION

Based on the foregoing, the undersigned hereby RECOMMENDS that:

1. Plaintiff's motion for default judgment (Doc. 21) should be GRANTED IN PART;

2. Judgment be entered in Plaintiff's favor and against Defendant Kamaljit Brar;

3. Defendant Brar be found and declared to be in violation of Title III of the Americans with Disabilities Act ("ADA");

4. Plaintiff be awarded statutory damages under the Unruh Act in the amount of $4,000;

5. Plaintiff be awarded reasonable attorney's fees in the amount of $1,225.00 (2.65 hours at $350 per hour and 1.7 hours at $175 per hour) and costs of suit in the amount of $538.00; and

6. Defendant Brar be ordered to make the following modifications to the property at 2929 N. Blackstone Avenue in Fresno, California (the "Property"), such that each item is brought into compliance with the accessibility requirements of the Americans with Disabilities Act, as follows:

    a. Provide ADA-compliant parking spaces at the Property; and

    b. Provide ADA-compliant curb ramps and access aisles.

Furthermore, Plaintiff is HEREBY ORDERED to mail a copy of these findings and recommendations to Defendant Brar at his last known address.

These findings and recommendations are submitted to the district judge assigned to this action, pursuant to 28 U.S.C. § 636(b)(1)(B) and this Court's Local Rule 304. Within twenty-one (21) days of service of this recommendation, any party may file written objections to these findings and recommendations with the Court and serve a copy on all parties. Such a document should be

captioned "Objections to Magistrate Judge's Findings and Recommendations." The district judge will review the magistrate judge's findings and recommendations pursuant to 28 U.S.C. § 636(b)(1)(C). The parties are advised that failure to file objections within the specified time may waive the right to appeal the district judge's order. *Wilkerson v. Wheeler*, 772 F.3d 834, 839 (9th Cir. 2014).

IT IS SO ORDERED.

Dated: **May 17, 2021**  /s/ *Sheila K. Oberto*
UNITED STATES MAGISTRATE JUDGE